Case 1:15-cr-00102-SPW   Document 71   Filed 12/21/23   Page 1 of 2

AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)     Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

District of Montana

| | |
|---|---|
| United States of America<br>v.<br>Alejandro Marquez Gonzalez | )<br>)<br>)  Case No:  CR-15-102-BLG-SPW<br>)  USM No:  13880-046<br>) |
| Date of Original Judgment:   04/20/2016<br>Date of Previous Amended Judgment: _____<br>*(Use Date of Last Amended Judgment if Any)* | )<br>)<br>  _____<br>  *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.    ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant seeks a sentence reduction under the retroactive application to the criminal history rules in Parts A and B, subpart 1 of Amendment 821 to the United States Sentencing Guidelines. (*See* Doc. 69.) Defendant is clearly ineligible.

Part A limits the overall criminal history impact of "status points" for offenders who committed the instant offense while under a criminal justice sentence. Part B, subpart 1 provides a two-level decrease for offenders who did not receive any criminal history points under Chapter Four and whose instant offense did not involve specific aggravating factors. *See* U.S.S.G. Ret. App. A & B, Sub. 1 Amendment 821 "Reasons for Amendment" (Nov. 1, 2023). "A defendant is ineligible for a sentence reduction if the relevant amendment does not have the effect of lowering the defendant's applicable guideline range." *United States v. Mercado-Moreno*, 869 F.3d 942, 949 (9th Cir. 2017); USSG §1B1.10(a)(2)(B) (2023).

Here, Defendant only asks for consideration under Part B but his eligibility under both will be considered. As to Part B, Defendant's prior convictions resulted in a total criminal history score of four, not zero (PSR ¶ 36.) As to Part A, Defendant received two "status points" for committing the instant offense while under a criminal justice sentence for a misdemeanor DUI in Washington. (PSR ¶ 36.) This elevated his criminal history score from four to six. (PSR ¶¶ 35–37.) However, reducing Defendant's criminal history score from a six to a four under the amendment would not change his criminal history category of III, thus it would not have the effect of lowering his applicable guideline range. Because Defendant is clearly ineligible for a sentence reduction under the retroactive application of Amendment 821, his motion is denied.

Except as otherwise provided, all provisions of the judgment dated  04/20/2016  shall remain in effect.
**IT IS SO ORDERED**.

Order Date:  12/21/2023

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Susan P. Watters, U.S. District Judge
*Printed name and title*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Alejandro Marquez Gonzalez
CASE NUMBER: CR-15-102-BLG-SPW
DISTRICT: District of Montana

## I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: _____   Amended Total Offense Level: _____
Criminal History Category: _____   Criminal History Category: _____
Previous Guideline Range: _____ to _____ months   Amended Guideline Range: _____ to _____ months

## II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

## III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*